UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jonathan L. Knight,<br><br>                     Plaintiff,<br><br>vs.<br><br>Franklin Y. Smith,<br><br>                     Defendant. | ) C/A No. 3:08-319-TLW-JRM<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>) |

This is a civil action filed *pro se* by a county detention center inmate.[1] Plaintiff is currently confined at the Dorchester County Detention Center, serving a one-year sentence for failure to pay child support. In the Complaint filed in this case, Plaintiff contends that his constitutional rights have been and are being violated by Defendant because he (Plaintiff) has allegedly been denied outdoor recreation since he has been incarcerated. A review of this Court's docket discloses that this same inmate has already recently filed one case in this Court in which he makes virtually identical claims, along with others, against this same Defendant. *Knight v. Smith*, Civil Action No. 3:07-cv-03896-TLW-JRM. Service was recently authorized in that case. This Court may take judicial notice of Civil Action No. 3:07-cv-03896-TLW-JRM. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).

Under established local procedure in this judicial district, a careful review has been made

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

1

of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, _ U.S. _, 127 S. Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

Following close review of the allegations contained in the Complaint filed in this case, it is clear that this case is duplicative of Civil Action No. 3:07-cv-03896-TLW-JRM. The Court will not entertain two separate, virtually identical lawsuits filed by the same individual against the same parties. To do so would fly in the face of the important interests of judicial efficiency and economy. As the United States Court of Appeals for the Fifth Circuit commented when faced with

similar circumstances:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

*Aloe Creme Laboratories, Inc.*, 425 F.2d at 1296.

Furthermore, Plaintiff should be aware that the United States Congress determined quite some time ago that in every federal lawsuit filed by a prisoner in this country, the prisoner becomes financially responsible for a non-dischargeable debt to the United States government in the full amount of the court filing fee in effect at the time the case is filed. This debt becomes the prisoner's financial responsibility under the applicable statutes whether the case he or she files is ultimately served and pursued to summary judgment or trial or whether it is dismissed by the Court following initial review. This determination by the Congress was made the law of the land and is published in the United States Code. *See* 28 U.S.C. §§ 1914, 1915. Plaintiff has consented to the imposition of this financial obligation upon himself by signing and submitting the Motion for Leave to Proceed *in forma pauperis* in both this case (Entry 2) and in Civil Action No. 3:07-cv-03896-TLW-JRM (Entry 2). Accordingly, it is in Plaintiff's financial interests to carefully consider the number of federal lawsuits that he files, particularly the number of clearly duplicative lawsuits such as this one.

As stated above, the summons was recently issued for the defendant in *Knight v. Smith*, Civil Action No. 3:07-cv-03896-TLW-JRM. (Entry 8). The answer is due in that case by February 7, 2008 (Entry 10). Plaintiff will have a full opportunity to litigate his claims against Defendant Smith within the appropriate confines of applicable Court procedures in Civil Action No.3:07-cv-03896-TLW-JRM.

**Recommendation**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

s/Joseph R. McCrorey<br>United States Magistrate Judge

February 6, 2008
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).